UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA

- v. -

TERAJE SMITH,

                              Defendant.
------------------------------------------------------------x

ORDER

No. 20-CR-164 (CS)

Seibel, J.

        Before the Court is Defendant Teraje Smith's motion for reduction of sentence under 18

U.S.C. § 3582(c)(1)(A).  (ECF No. 30.)  Defendant was sentenced on September 1, 2022

principally to 96 months in prison for his convictions for conspiracy to transport a stolen vehicle

and being a felon in possession of a firearm.  (ECF No. 21.)  This sentence was below the

advisory Sentencing Guidelines range of 130-162 months.  (*See* ECF No. 22 ("PSR") at 28.)

The charges arose from his use of a recently carjacked vehicle and his possession of a small

arsenal of firearms and other weapons.  (*Id.* ¶¶ 12-24.)  According to the Bureau of Prisons, he

has almost four years left to serve.

        A defendant may bring a motion under § 3582(c)(1)(A) only after he has "fully exhausted

all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the

defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the

defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).  Defendant represents that

he has exhausted, and I will assume he has done so.

        Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the 18 U.S.C. § 3553(a)

factors, reduce a sentence if extraordinary and compelling reasons justify such action and it is

consistent with the relevant policy statements of the Sentencing Commission.  *See* 18 U.S.C.

§ 3582(c)(1)(A).  Policy Statement 1B1.13 also permits a sentence reduction for extraordinary and compelling reasons, and additionally requires that the Defendant not be a danger to the safety of any other person or the community.  *See* U.S.S.G. § 1B1.13(a)(1)-(2).  The Policy Statement, as amended, *see United States v. Feliz*, No. 16-CR-809, 2023 WL 8275897, at *4 (S.D.N.Y. Nov. 30, 2023),[1] identifies as extraordinary and compelling certain circumstances relating to medical condition, age, family, prison abuse, and unusually long sentences, as well as any other circumstances of similar gravity, *see* U.S.S.G. § 1B1.13(b)(1)-(6).  The burden is on the defendant to show that a sentence reduction is warranted.  *See United States v. Jones*, 17 F.4th 371, 375 (2d Cir. 2021) (*per curiam*).

Defendant bases his motion on his childhood hardships, of which there were many; his age at the time of the offenses; and his rehabilitation.  (*See* ECF No. 30 at 11-12, 14-15.)  He also raises the fact that he was writted into federal custody, causing him to miss a state parole hearing, and did not receive federal credit for the time he was here on the writ.  (*Id.* at 1-2.)  I was well aware of that issue, as well as Defendant's hardships and age, and considered those factors, at the time of sentencing.  *See Fernandez v. United States*, 146 S. Ct. 1292, 1307 (2026) ("A motion for

---

[1] I agree with the court in *Feliz*, which found that the November 1, 2023 amendments to Policy Statement 1B1.13 have harmonized the Policy Statement with the First Step Act; that *United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020), therefore does not apply to the new version of Policy Statement 1B1.13; and that "[a]ccordingly, to grant a motion for compassionate release, a court must now, in addition to finding that the other elements of the compassionate release standard are satisfied, also find that granting such relief is consistent with Policy Statement 1B1.13." 2023 WL 8275897, at *4; *see United States v. Corbett*, No. 10-CR-184, 2023 WL 8073638, at *3 (S.D.N.Y. Nov. 21, 2023) ("The amended guidance from the Commission as to what constitutes extraordinary and compelling reasons now controls the analysis of a compassionate release petition, however initiated."). But the outcome here would be the same even under *Brooker* and the old version of 1B1.13.  (Unless otherwise indicated, case quotations omit internal quotation marks, citations, alterations and footnotes.  The Court will send Defendant copies of any unreported decisions cited in this Order.)

compassionate release cannot justify a reduced sentence if it relies solely on facts a court already considered in imposing the initial sentence, rather than any changed circumstances that developed after sentencing.") (Sotomayor, J., concurring); *United States v. Geraldo*, No. 11-CR-1032, 2026 WL 1329412, at *5 (S.D.N.Y. May 13, 2026) (factors "fully considered at the time of sentencing . . . do not support a reduction of sentence, let alone qualify as extraordinary and compelling reasons for such relief").  In any event, while Defendant's upbringing and his age at the time of the offenses (twenty-four) are mitigating, they do not rise to the level of extraordinary and compelling circumstances justifying a reduction in this case.  *See United States v. Rosario*, No. 96-CR-126, 2024 WL 3521851, at *7 (S.D.N.Y. July 24, 2024) ("A common theme among those courts that have allowed reductions on the basis of youth is that the offenses of conviction were 'split-second' and 'hot-headed.'"); *United States v. Brown*, No. 12-CR-103, 2023 WL 4861028, at *4 (W.D.N.Y. July 31, 2023) (difficult upbringing "unfortunately not exceptional or unique in the criminal offender population"), *aff'd sub nom.*, *United States v. Pettway*, No. 23-6940-CR, 2024 WL 4763933 (2d Cir. Nov. 13, 2024) (summary order).  And while it was unfortunate that Defendant missed his parole hearing, parole was not a foregone conclusion, and as previously stated, I was aware of that situation when I imposed a below-Guidelines sentence.

Defendant also relies on a change in the law and contends that his sentence would be different if it was imposed today, (ECF No. 30 at 4), although it is not entirely clear on what change he relies.  He notes that after the was sentenced, the policy statement found at U.S.S.G. § 5H1.1 was amended to provide that age may be relevant in determining whether a departure is warranted.  (*See id.* at 13-14.)  But that provision has now been deleted, *United States v. Hoti*, No. 15-CR-651, 2026 WL 670175, at *2 n.3 (S.D.N.Y. Mar. 10, 2026), as departures are no longer considered, and only variances are applied.  I was well aware of my ability to vary at the

time of sentencing, and in any event, changes in the law are not extraordinary and compelling reasons except in circumstances not present here. *See* U.S.S.G. § 1B1.13(c).

Defendant also suggests that he has been rehabilitated. Rehabilitation alone is not an extraordinary and compelling circumstance, but may be considered in combination with other circumstances in determining whether and to what extent a sentence reduction is warranted. *See* U.S.S.G. § 1B1.13(d); *see also* 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."). "While [Defendant's] efforts at rehabilitating himself are commendable and should continue, they do not alone . . . constitute an extraordinary and compelling reason for compassionate release." *White v. United States*, No. 13-CR-255, 2022 WL 4244219, at *5 (W.D.N.Y. Sept. 15, 2022), *aff'd sub nom.*, *United States v. Connelly* No. 22-CR-2337, 2023 WL 8446806 (2d Cir. Dec. 6, 2023) (summary order); *see United States v. Mayard*, No. 16-CR-609, 2024 WL 3518568, at *4 (S.D.N.Y. July 24, 2024) ("[A]lthough Defendant is to be commended for his attempts at rehabilitation, such efforts do not constitute extraordinary and compelling circumstances."); *United States v. Steele*, No. 19-CR-65, 2021 WL 2138829, at *7 (D. Conn. May 26, 2021) ("admirable" efforts at rehabilitation not extraordinary and compelling alone or in combination with harsh pandemic prison conditions). Good conduct in prison is not uncommon, and indeed is expected. *See United States v. Alvarez*, No. 89-CR-229, 2020 WL 4904586, at *7 (E.D.N.Y. Aug. 20, 2020). I commend Defendant for obtaining his GED and his participation in programming, but his claims of rehabilitation not only are not extraordinary, but are undermined by his prison disciplinary record, to which he candidly admits. (*See* ECF No. 30 at 12, 15-16.)

Even if the circumstances to which Defendant points, singly or in combination, rose to the level of extraordinary and compelling, I would still need to reach the 18 U.S.C. § 3553(a)

4

factors.  After a gunpoint carjacking in Pennsylvania that Defendant either observed or committed, he traveled to Yonkers, where he carried a duffle bag that was later found to contain, among other things, the carjack victim's driver's license, a loaded pistol with an obliterated serial number, a loaded revolver, a loaded AR-style rifle, ballistic body armor, two machetes, gloves and a mask.  (PSR ¶¶ 12-24.)  In short, the nature and circumstances of the offense were very serious.  Defendant has a lengthy criminal history, earning his way into Criminal History Category VI at age twenty-four, in part through three prior offenses that involved guns.  (*Id.* ¶¶ 45-56.)  While his childhood trauma and the other factors he cites are mitigating, the nature and circumstances of the offense, Defendant's criminal history, and the need to protect the public from further crimes would militate against a reduction of Defendant's already below-Guidelines sentence even if extraordinary and compelling circumstances existed.

For the reasons stated above, the motion is denied.  The Clerk of Court is respectfully directed to terminate ECF No. 30 and to send a copy of this Order to Teraje Smith, No. 01624-509, FCI Forrest City Medium, Federal Correction Institution, P.O. Box 3000, Forrest City, AR 72336.

Dated:  June 11, 2026
      White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.

5